IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

UNITED STATES OF AMERICA                                                        PLAINTIFF

v.                                         Case No. 1:13-cr-10019-001

KENDALL J. DYKES                                                                DEFENDANT

# ORDER

Before the Court is Defendant Kendall J. Dykes's Motion for Early Termination of Supervised Release. (ECF No. 121). The government has filed a response. (ECF No. 122). The Court finds the matter ripe for consideration.

On August 27, 2014, Defendant pleaded guilty to one count of conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. On April 15, 2015, the Court sentenced Defendant to eighty-four months' imprisonment, three years' supervised release, and a $100 special assessment. Defendant was released from the Bureau of Prisons and began serving his term of supervised release on November 15, 2018.[1]

On April 3, 2020, Defendant filed the instant motion, seeking early termination of his supervised release, of which he has served seventeen of the thirty-six total months as of the date of this order. Defendant asserts that he has complied with all requirements of his supervised release, including maintaining employment, passing all drug tests, and maintaining monthly reports. Defendant states that if he is released from supervision, he could work at Clean Harbors in El Dorado, Arkansas, allowing him to better support himself and his family financially.

---

[1] Defendant's motion states that he began his supervised release on November 17, 2017, but the United States Probation Office notes that his supervised release began on November 15, 2018. Entering Defendant's name into Federal Bureau of Prisons' inmate locater webpage shows that he was released from incarceration on November 15, 2018. *See* Federal Bureau of Prisons, *Find an Inmate*, https://www.bop.gov/inmateloc/ (last visited April 23, 2020).

The government opposes early termination of Defendant's supervised release, arguing that Defendant's compliance with the terms of his supervised release is not enough by itself to support early termination. The government argues further that the serious nature of the offense, coupled with Defendant's criminal history, support a finding that he should fulfill the remaining term of his supervised release. The government concludes that the instant motion should be denied.

The United States Probation Office ("USPO") notes that Defendant has maintained stable residence, passed all substance abuse tests while on supervision, successfully underwent mental health treatment, and worked as a truck driver until he was reportedly laid off in November 2019. The USPO concludes that Defendant is a candidate for early termination consideration by the Court.

A district court may terminate supervised release "if it is satisfied that such action is warranted by conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). In making its determination, the Court must consider factors set forth under 18 U.S.C. § 3553(a), to the extent they are applicable. The section 3553(a) factors include, among others, the nature and circumstances of the offense, the history and characteristics of the defendant, and the need to provide the defendant with correctional treatment in the most efficient manner.

The Court is pleased that Defendant is doing well while on supervised release. However, upon consideration of the factors listed above, the Court finds that Defendant's motion (ECF No. 151) should be and hereby is **DENIED** at this time due to Defendant's history and characteristics and the amount of time he has been on supervised release. Defendant may refile the motion after a greater amount of the imposed term of supervised release has passed.

**IT IS SO ORDERED**, this 23rd day of April, 2020.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge